United States District Court
Northern District of California

1
2
3
4                     UNITED STATES DISTRICT COURT

5                   NORTHERN DISTRICT OF CALIFORNIA

6

7   TATYANA EVGENIEVNA DREVALEVA,          Case No.  22-cv-02068-EMC

8                 Plaintiff,
                                           **ORDER GRANTING DEFENDANTS'**
9          v.                              **MOTION FOR JUDGMENT ON THE**
                                           **PLEADINGS, AND DENYING**
10  THE NARAYAN TRAVELSTEAD                **PLAINTIFF'S MOTION FOR LEAVE**
    PROFESSIONAL LAW CORPORATION, et       **TO FILE SUPPLEMENTAL**
11  al.,                                   **BRIEFING**

12                Defendants.              Docket Nos. 25, 27, 34, 38, 40, 41

13

14

15                      I.      **INTRODUCTION**

16          Tatyana Drevaleva ("Plaintiff") sued Narayan Travelstead Professional Law Corporation

17  ("NTPC"), Timothy Travelstead, Julie Cho (collectively, the "NTPC Defendants"), and the

18  Alameda Health System ("AHS") primarily for their conduct in defending AHS in a previous suit

19  brought by Plaintiff.  Currently pending before the Court is Defendants' motion for judgment on

20  the pleadings under Federal Rule of Civil Procedure 12(c).  The Court finds this matter

21  appropriate for disposition without oral argument.  *See* Civil L.R. 7-1(b).  For the reasons below

22  the Court **GRANTS** Defendants' motion.  The Court **ORDERS** Plaintiff to refrain from further

23  filings on this or related cases involving AHS absent leave of the Court, as ordered in *Drevaleva v.*

24  *AHS*, No. 22-cv-01585-EMC, slip. op. at 6 (N.D. Cal. Jul. 7, 2022).

25                      II.     **FACTUAL & PROCEDURAL BACKGROUND**

26          AHS hired Plaintiff as a part time employee in April 2013 and terminated her in September

27  that year.  (Docket No. 1 ("Compl.") at 3, 4.)  Soon afterwards, Plaintiff filed an administrative

28  grievance with the California Department of Industrial Relations, the Division of Labor Standards

1   Enforcement (the "Agency").  (*Id.* at 3, 5.)  She believes that AHS fired her for participating in

2   legally protected activities.  (*Id.* at 7.)  The Agency dismissed her claim in 2016.  (*Id.*)

3          Plaintiff subsequently filed suit in this court alleging wrongful termination against AHS

4   and mishandling of her administrative claim against the Agency.  (*Id.* at 10, 11 (citing *Drevaleva*

5   *v. Alameda Health Sys.*, No. 3:16-cv-07414-LB (N.D. Cal.) ("*Drevaleva I*")).)  Since then,

6   Plaintiff has brought numerous lawsuits relating to her termination in federal and state courts

7   against AHS, its employees, and counsel.  *See Drevaleva v. Alameda Health Sys.*, No. 22-cv-

8   01585-EMC, 2022 U.S. Dist. LEXIS 121907, at *4–5 (N.D. Cal. Jul. 7, 2022) (summarizing

9   relevant prior lawsuits).[1]  As to those lawsuits in state courts, Plaintiff was declared a vexatious

10  litigant in September 2020 within the meaning of California Code of Civil Procedure section 391,

11  subdivision (b)(3).  (*See Drevaleva v. Alameda Health System et al.*, No. A158862 (Cal. Ct. App.

12  Nov. 14, 2019)).)  As for those lawsuits filed in federal courts, this Court declared Plaintiff a

13  vexatious litigant in July 2022.  *See Drevaleva v. AHS*, No. 22-cv-01585-EMC, slip. op. at 6 (N.D.

14  Cal. Jul. 7, 2022).

15         Plaintiff's over 200-page complaint here recounts the procedural history, the parties'

16  briefings, and Judge Beeler's rulings in *Drevaleva I*, as well as the related appeals history.

17  (Compl.).  She brought this case against the defendants for their conduct in defending AHS in

18  *Drevaleva I*.  For example, Plaintiff alleges that AHS, in its motion to dismiss the initial complaint

19  in that case, failed to cite a certain statute (*id.* at 16), contained hearsay (*id.* at 17), and

20  characterized AHS's status as a state as opposed to a local public agency (*id.* at 44–45).

21         Plaintiff asserts 18 claims here.  Specifically, she makes claims under 42 U.S.C. §§ 1981,

22  1983, and 1985, Cal. Penal Code § 484 (fraud), Cal. Civ. Code § 1572 (civil conspiracy), 18

23  U.S.C. § 1962(a) (RICO) against all defendants for making certain arguments and "citing the

24  irrelevant case laws" in AHS's motion briefs in *Drevaleva I* and related appeals.  (*Id.* at 196–202.)

25         Regarding the defendants' litigation-related conduct in *Drevaleva I*, Plaintiff additionally

26

27  _____

    [1] The Court may take judicial notice of the order under Federal Rule of Evidence 201(b).  *See* Fed.

28  R. Evid. 201(b) ("The court may judicially notice a fact that is not subject to reasonable dispute
    because it . . . can be accurately and readily determined from sources whose accuracy cannot
    reasonably be questioned.").

1   asserts "[s]lavery and involuntary servitude" under the Thirteenth Amendment, "[c]ruel and

2   unusual punishment" under the Eighth Amendment, "[d]eprivation of Liberty and Property" under

3   the Fourteenth Amendment, intentional infliction of emotional distress, intentional interference

4   with a prospective economic advantage, loss of consortium, and harassment under Cal. Code of

5   Civ. P. § 527.6.  (*Id.* at 202–05.)

6       As relief, Plaintiff "demand[s] to be reinstated back to work" at AHS, lost salary, $250

7   million from each of AHS, NTPC, and Travelstead, as well as $10 million from Cho.  (*Id.* at 205–

8   06.)

9       The defendants moved for judgment on the pleadings under Fed. R. Civ. P. 12(c) for lack

10  of subject matter jurisdiction and failure to state a claim.  (Docket No. 25 ("Def's Mot")).  The

11  Court granted Plaintiff three 30-day extensions to file her response brief.  (Docket No. 30.)

12  Plaintiff has filed motions for permission to file nine supplemental briefs, totaling a few thousand

13  pages, in support of her opposition to the motion.  (Docket Nos. 27, 34, 38, 40, 41.)

### III.      LEGAL STANDARD

15      Under Federal Rule of Civil Procedure 12(c), "a party may move for judgment on the

16  pleadings" after the pleadings are closed "but early enough not to delay trial."  A Rule 12(c)

17  motion is "functionally identical" to a Rule 12(b)(6) motion to dismiss for failure to state a claim,

18  and therefore the same legal standard applies.  *Cafasso v. General Dynamics C4 Sys., Inc.,* 637

19  F.3d 1047, 1055 n.4 (9th Cir. 2011).

20      Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain

21  statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A

22  complaint that fails to meet this standard may be dismissed pursuant to Rule 12(b)(6).  *See* Fed. R.

23  Civ. P. 12(b)(6).  To overcome a Rule 12(b)(6) motion to dismiss after the Supreme Court's

24  decisions in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corporation v. Twombly*, 550

25  U.S. 544 (2007), a plaintiff's "factual allegations [in the complaint] 'must . . . suggest that the

26  claim has at least a plausible chance of success.'"  *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th

27  Cir. 2014).  The court "accept[s] factual allegations in the complaint as true and construe[s] the

28  pleadings in the light most favorable to the nonmoving party."  *Manzarek v. St. Paul Fire &*

United States District Court
Northern District of California

1  *Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  But "allegations in a complaint . . . may not

2  simply recite the elements of a cause of action [and] must contain sufficient allegations of

3  underlying facts to give fair notice and to enable the opposing party to defend itself effectively."

4  *Levitt*, 765 F.3d at 1135 (quoting *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d

5  990, 996 (9th Cir. 2014)).  "A claim has facial plausibility when the Plaintiff pleads factual

6  content that allows the court to draw the reasonable inference that the Defendant is liable for the

7  misconduct alleged."  *Iqbal*, 556 U.S. at 678.  "The plausibility standard is not akin to a

8  'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted

9  unlawfully."  *Id.* (quoting *Twombly*, 550 U.S. at 556).

10  **IV.    DISCUSSION**

11          Plaintiff only alleges that the Court has jurisdiction "over [her] Complaint because

12  multiple Federal statutes are involved."  (Compl. at 1.)  In this case, she asserts the following

13  federal claims: violations of 42 U.S.C. sections 1981,[2] 1983 (Count No. 2), and 1985 (Count Nos.

14  1, 3, 4, 6-9, 13, 14), 18 U.S.C. § 1962(a) (Count No. 10), and the Eighth (Count No. 12),

15  Thirteenth (Count No. 11), and Fourteenth Amendments (Count No. 13) of the U.S. Constitution.[3]

16  As discussed below, the Court does not have subject matter jurisdiction over any of these federal

17  claims.

18  A.    The Court Lacks Subject Matter Jurisdiction Over Plaintiff's Claims

19          Plaintiff's section 1983 claim fails.  "To state a claim under 42 U.S.C. § 1983, a plaintiff

20  must allege that (1) the defendant was acting under color of state law at the time the acts

21  complained of were committed, and that (2) the defendant deprived plaintiff of a right, privilege,

22

23  _____

24  [2] Plaintiff asserts this claim on the cover page but does not recite or support it in the body of her complaint.  Given Plaintiff's pro se status, the Court considers this claim.

25  [3] In their briefing, the defendants also seek to dismiss claims under the National Labor Relations

26  Act ("NLRA") and Labor Management Relations Act ("LMRA").  The Court does not read the complaint as alleging those claims but merely mentioning them in passing.  (*See, e.g.*, Compl. at

27  198 ("Fraud, Penal C. § 484; Civ. C. § 1572, conspiracy that was aimed to prevent me from obtaining relief pursuant to the Federal laws the National Labor Relations Act and the Labor-Management Relations Act, 42 U.S.C. § 1985.").)  To the extent that Plaintiff is asserting NLRA

28  and LMRA claims, she fails to state a claim as the alleged wrongdoing in this case is AHS and its counsel's defense in *Drevaleva I* and not any labor dispute.

4

1    or immunity secured by the Constitution or laws of the United States." *Briley v. California*, 564

2    F.2d 849, 853 (9th Cir. 1977).  Plaintiff does not suggest that the defendants were acting under the

3    color of any state law when defending AHS in *Drevaleva I*, so she cannot state a claim under 42

4    U.S.C. § 1983.

5           Plaintiff cannot plausibly state a claim under 42 U.S.C. §§ 1981 or 1985 either.  "The

6    Supreme Court made it clear . . . that § 1985 was not 'intended to apply to all tortious,

7    conspiratorial interferences with the rights of others,' but only to those which were founded upon

8    'some racial, or perhaps otherwise class-based, invidiously discriminatory animus.'" *Briley*, 564

9    F.2d at 859 (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 101–02 (1971)).  Similarly, § 1981 "can

10   be violated only by purposeful discrimination." *General Bldg. Contractors Ass'n v. Pennsylvania*,

11   458 U.S. 375, 391 (1982).  Nowhere does Plaintiff suggest that the defendants, when defending

12   for itself or for their client against the lawsuit she brought, litigated *Drevaleva I* with the purpose

13   of discriminating on the basis of a protected class.  Her §§ 1981 and 1985 claims must be

14   dismissed.

15          The rest of Plaintiff's federal claims are equally frivolous.  The defendants have a

16   constitutional right of access to the Court, and, in any event, filing motions and making arguments

17   are not racketeering activities within the definition of 18 U.S.C. § 1961.  The defendants did not

18   coerce her to "work as a Caregiver" that Plaintiff frivolously claims to be slavery under the

19   Thirteenth Amendment.  (Compl. at 202.)  They also did not punish Plaintiff for any convicted

20   crime in violation of the Eighth Amendment.  And by merely defending AHS against Plaintiff's

21   prior suit, the defendants did not deprive her of liberty or property.[4]  Plaintiff therefore fails to

22   state a claim under RICO, Eighth Amendment, Thirteenth Amendment, or Fourteenth

23   Amendment.

24

25

26   _____

27   [4] Defendants argue that Plaintiff's 14th Amendment claim should be dismissed because AHS was
     a private actor not subject to the Amendment.  Plaintiff, in response, seeks to file a supplemental
     brief regarding the status of AHS.  (Docket No. 27.)  For the reason stated in this order, Plaintiff
28   cannot plausibly state a claim under the Fourteenth Amendment regardless of AHS's status.
     Plaintiff's motion for permission to file supplemental briefing is denied.

B.      The Court Dismisses The Complaint With Prejudice

        Plaintiff cannot possibly cure her complaint's defects by alleging other facts because her

claims, resting entirely on the defendants' prior litigation conduct, would be barred by the *Noerr-*

*Pennington* Doctrine.  Under that doctrine, "[l]itigants are immune from liability that arises out of

their petitioning activity, *i.e.*[,] the filing of a lawsuit, as well as conduct 'incidental to the

prosecution of the suit,' unless such activity is a 'sham.'"  *Gamble v. Kaiser Found. Health Plan,*

*Inc.*, 348 F. Supp. 3d 1003, 1027 (N.D. Cal. 2018) (quoting *Theofel v. Farey-Jones*, 359 F.3d

1066, 1071 (9th Cir. 2004); *Kearney v. Foley & Lardner, LLP*, 590 F.3d 638, 644 (9th Cir. 2009)).

Petitioning activity includes "[a] complaint, an answer, a counterclaim and other assorted

documents and pleadings, in which plaintiffs or defendants make representations and present

arguments to support their request that the court do or not do something . . . ."  *Freeman v. Lasky,*

*Haas & Cohler*, 410 F.3d 1180, 1184 (9th Cir. 2005).

        All of Plaintiff's claims rest on the defendants' protected petitioning activity in *Drevaleva*

*I*.  (*See, e.g.*, Compl. at 196 (alleging conspiracy under § 1985 because the defendants asserted that

the court did not have subject matter jurisdiction over Plaintiff's complaint in *Drevaleva I*), *id.* at

197 (alleging fraud and conspiracy under § 1985 against defendants for "asserting that [Plaintiff]

could not state the elements of a Prima Facie Case in [her] Title VII Cause of action t a pleading

stage" in *Drevaleva I*).)  The accused conduct—"making representations and presenting arguments

to support their request that the court do or not do something"—squarely qualifies as petitioning

activity protected by the *Noerr-Pennington* Doctrine.[5]  *Freeman*, 410 F.3d at 1184.  Their activity

also is not a "sham" as it is not "objectively baseless."  *Prof'l Real Estate Inv'rs, Inc. v. Columbia*

*Pictures Indus., Inc.*, 508 U.S. 49, 60–61 (1993).  To the contrary, both this court and the Ninth

Circuit found for AHS in *Drevaleva I*.

        Accordingly, the *Noerr-Pennington* Doctrine would bar Plaintiff's federal claims even if

the Court allows her leave to amend.  Her complaint therefore is dismissed with prejudice.  *Cook,*

---

[5] Plaintiff's proposed second supplemental brief fails on the merit for the same reason (besides
being procedurally improper for exceeding the page limit set forth in L.R. 7-3).  It seeks to address
Defendants' "citation of the irrelevant statute."  (Docket No. 34-1 at 6.)  The Court therefore
denies that motion.

United States District Court
Northern District of California

1   *Perkiss, & Liehe, Inc. v. N.Cal. Collection Serv. Inc.*, 911 F. 2.d 242, 247 (9th Cir. 1990).  Without

2   viable federal claims, the Court lacks (and in any event refuses to exercise) supplemental

3   jurisdiction to adjudicate any of Plaintiff's state claims.

4         The Court's ruling does not turn on the topics that Plaintiff's proposed first and third

5   through ninth supplemental briefs address—namely, the status of AHS as a state public agency

6   during her employment and claim preclusion.[6]  The Court therefore denies the motions to file

7   them as moot.

8   C.    <u>Plaintiff Must Refrain From Further Filings Absent Leave Of The Court</u>

9         The Court declared Plaintiff a vexatious litigant in July 2022 and entered a pre-filing order

10   against her.  *See Drevaleva v. AHS*, No. 22-cv-01585-EMC, slip. op. at 6 (N.D. Cal. Jul. 7, 2022).

11   "Plaintiff [was] **ORDERED** to seek pre-filing approval in this Court prior to filing cases or new

12   motions in the Northern District of California *pro se* against AHS and DIR . . . or any of their

13   employees, officers, agents, or counsel regarding Plaintiff's prior employment with AHS . . . ."  *Id.*

14   That order was "narrowly tailored to the 'group of defendants' Drevaleva has targeted and to the

15   'type[s] of claims [Drevaleva] ha[s] been filing vexatiously.'"  *Id.* (quoting *Molski v. Evergreen*

16   *Dynasty Corp.*, 500 F.3d 1047, 1061 (9th Cir. 2007)).

17         In this action, one of the parties against whom Plaintiff has filed her suit *pro se* is AHS.

18   Plaintiff has also filed some of the same types of claims here that she has been filing vexatiously.

19   *Compare* Compl. at 202-205 (stating that AHS forced her into slavery in violation of the

20   Thirteenth Amendment and that claiming "[c]ruel and unusual punishment" in violation of the

21   Eighth Amendment), *with Drevaleva*, No. 22-cv-01585-EMC, slip. op. at 5 (noting that Drevaleva

22   "asserts frivolous claims, including those under the Eighth and Thirteenth Amendment").  Thus, the

23   pre-filing order applies in this action. Plaintiff is reminded to refrain from further filings on this or

24   related cases involving AHS absent leave of the Court. Should Plaintiff file absent leave of the

25

26   ───────────────

27   [6] Since the parties previously appeared to litigate the conduct on which some of Plaintiff's claims are based in *Drevaleva I*, claim preclusion would likely bar certain of Plaintiff's claims.  *See Costantini v. Trans World Airlines,* 681 F.2d 1199, 1201 (9th Cir. 1982) (Claim preclusion "bars all grounds for recovery which could have been asserted, whether or they were or not, in a prior suit between the same parties . . . on the same cause of action.").

28

*(left margin, rotated)* United States District Court  Northern District of California

1    Court, she will expose herself to a contempt hearing and other possible sanctions, and her filing

2    will be subject to dismissal.

3                                              **V.**       **CONCLUSION**

4            The Court **GRANTS** Defendants' Motion for Judgment on the Pleadings with prejudice,

5    and **DENIES** Plaintiff's motions to file supplemental briefs.  The Court **ORDERS** Plaintiff to

6    refrain from further filings on this or related cases involving AHS absent leave of the Court.

7            This order disposes of Docket Nos. 25, 27, 34, 38, 40, and 41.  The Clerk is instructed to

8    enter Judgment and close the case.

9

10           **IT IS SO ORDERED**.

11

12   Dated: March 10, 2023

13

14   _____

15                                              EDWARD M. CHEN
                                                United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28